UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-81172-CIV-MARRA

RONY MITIAL, individually and on
behalf of persons similarly situated,

    Plaintiff,
vs.

DR PEPPER SNAPPLE GROUP, a Delaware
corporation; THE AMERICAN BOTTLING
COMPANY, a Delaware corporation; and
XYZ ENTITIES 1-10 (fictitious names
of unknown liable entities),

    Defendants.
_____/

## ORDER DENYING MOTION TO STAY

THIS CAUSE is before the Court upon Defendants' Motion to Stay All Proceedings Pending Determination of Their Motion to Dismiss [DE 27].  The Court has carefully considered the motion, response, reply and is otherwise fully advised in the premises.  Defendants argue that if this Court grants their pending motion to dismiss Plaintiff's Amended Complaint *with prejudice*,[1] then it will dispose of this lawsuit in its entirety, and there will be no need for discovery or further proceedings.

In order to prevail on a motion to stay discovery, the movant must show that "good cause and reasonableness" support a stay.  *McCabe v. Foley*, 233 F.R.D. 683, 85 (M.D. Fla. 2006).  Furthermore, Appendix A to our Local Rules, states that "motions

---

[1] Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely granted when justice so requires."  Therefore, even if Defendants prevail in their motion to dismiss, it is the usual practice in this Court to grant leave to replead those counts that are dismissed.

for stay are generally denied except where a specific showing of prejudice or burdensomeness is made . . ." S.D. Fla. L.R., App. A, Discovery Practices Handbook, I.D.(5) (2011).  In evaluating whether the moving party has met its burden, a court "must balance the harm produced by a delay in discovery against the possibility that the [dispositive] motion will be granted and entirely eliminate the need for such discovery." *McCabe*, 233 F.R.D. at 685.  This entails taking a "preliminary peek at the merits of [the] dispositive motion to see if it appears to be clearly meritorious and truly case dispositive." *Id*.  Also, a motion to stay discovery "is rarely appropriate unless resolution of the motion will dispose of the entire case." *Id*; *see also Bocciolone v. Solowsky*, 2008 WL 2906719 (S.D. Fla. July 24, 2008); *S.K.Y. Management LLC v. Greenshoe, Ltd.*, 2007 WL 201258, *2 (S.D. Fla. Jan. 24, 2007); *but see Solar Star Systems, LLC v. Bellsouth Telecommunications, Inc.*, 2011 WL 1226119, *1 (S.D. Fla. Mar. 30, 2011) (motion to dismiss based on failure to state a claim for relief weighs heavily in favor of issuing a stay).

This Court finds that Defendants have failed to satisfy their burden to sustain a motion to stay discovery.  A preliminary review of the merits of Defendants' Motion to Dismiss Plaintiff's Amended Complaint or, in the Alternative, Plaintiff's Class Allegations [DE 22], reveals that it is unlikely to be granted with prejudice.  The purported harm Defendants anticipate if discovery proceeds deals with typical discovery disputes relating to relevance and vagueness, issues with which the Magistrate Judge is familiar and ready to assist.  Because resolution of Defendants' Motion to Dismiss is not likely to resolve the entire case with prejudice, it is hereby

ORDERED AND ADJUDGED that Defendants' Motion to Stay All Proceedings Pending Determination of Their Motion to Dismiss [DE 27] is denied.

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida, this 22nd day of February, 2012.

_____
KENNETH A. MARRA
United States District Judge

copies to:
All counsel of record