UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-81172-CIV-MARRA

RONY MITIAL, individually and on
behalf of persons similarly situated,

    Plaintiff,
vs.

DR PEPPER SNAPPLE GROUP, a Delaware
corporation; THE AMERICAN BOTTLING
COMPANY, a Delaware corporation; and
XYZ ENTITIES 1-10 (fictitious names
of unknown liable entities),

    Defendants.
_____/

## ORDER AND OPINION DENYING MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendants' Motion to Dismiss Plaintiff's Amended Complaint or, in the Alternative, Plaintiff's Class Allegations [DE 22]. The Court has carefully considered the motion, response, reply and is otherwise fully advised in the premises.

## Allegations

Plaintiff Rony Mitial ("Mitial") brings this collective action for overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, on behalf of himself, and on behalf of other similarly situated employees of Dr Pepper Snapple Group, the American Bottling Company, and their divisions, subsidiaries and affiliates, including but not limited to, XYZ Entities 1-10 (collectively, "Defendants"). Compl. ¶ 1.

In the Amended Complaint ("Compl."), Mitial alleges that he worked for Defendants as a non-exempt Merchandiser between approximately April 2005 and approximately April 2011.  Compl. ¶ 3.  Mitial states that his duties as a Merchandiser "included merchandise stor[e] shelving, coolers and displays with Dr Pepper Snapple Group brands in retail stores."  Compl. ¶ 4.  Mitial alleges that Defendants jointly controlled the terms of his employment and compensation.  Compl. ¶ 9.  The Complaint alleges that Defendants failed to credit and therefore compensate Mitial (and similarly situated Merchandisers) for all of their hours worked over 40 in a work week based upon Defendants' policy and practice of regularly deducting 30 minutes for lunch, without regard to whether Mitial (and other similarly situated Merchandisers) took a bona fide, uninterrupted meal break.  Compl. ¶¶ 12, 15.  The Complaint also alleges that Defendants knew or should have known that Plaintiff and similarly situated Merchandisers were working overtime hours for which they were not credited or compensated.  Compl. ¶ 14.  Mitial estimates there are several hundred current and former Merchandisers within the asserted class for this collective action.  Compl. ¶ 19.  Mitial also alleges that Defendants: (1) have employed two or more employees who have regularly handled or otherwise worked on goods and/or materials that have been moved in or produced for commerce; (2) engaged in interstate commerce or in the production of goods for commerce as defined in 29 U.S.C. §§ 203(r) and (s); and (3) constitute an enterprise engaged in interstate commerce or in the production of goods for commerce.  Compl. ¶¶ 23-26.  Finally, the Complaint states that the gross sales volume of Defendants is in excess of

$500,000.00 annually.  Compl. ¶ 25.

## Standard of Review

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a).  The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) (quotations and citations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted.  *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984).

## Discussion

Defendants move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Amended Complaint *with prejudice* for failing to comply with the notice pleading standard of Fed. R. Civ. P. 8(a).  Defendants assert that the Amended Complaint contains allegations that are so generic and conclusory that there is not enough factual detail to suggest that Mitial has a plausible right to relief.  DE 22 at 6-11.  "As in the original Complaint, Plaintiff still fails to allege which Defendant he was employed by,[1] how many hours in excess of 40 per week were necessitated by his duties, how many of those alleged overtime hours were unpaid overtime hours (indeed, if he worked through a meal break, why would he not report doing so such that he would be paid for the work?), and how Defendants would have had actual or constructive knowledge of his allegedly unpaid overtime hours (particularly since he claims to have spent the day out in the field at 'retail stores')."  DE 22 at 5.  With respect to class allegations, Defendants argue that Plaintiff fatally fails to plead facts showing that the putative class members are entitled to relief because he does not identify who the other similarly situated employees are, who they work for, what job titles they have, by what method they are paid, or how he "could have the knowledge he suggests having of (i) the job duties they performed, (ii) the number of hours they worked, (iii) the so-called 'policies or practices' that applied to them, (iv) any allegedly unpaid overtime hours they worked, and (v) the cause(s) of any allegedly unpaid overtime

---

[1] Paragraph 9 in the Amended Complaint states that Plaintiff worked for both Dr Pepper Snapple Group and the American Bottling Company (and their divisions, subsidiaries and affiliates) as joint employers.  *See* DE 18 at ¶¶ 3, 9, 11, 15.

hours worked." DE 22 at 5-6.

In support of their argument that such details are required, Defendants cite to district court cases from other jurisdictions which the Court does not find persuasive, and to cases that address a plaintiffs burden at other stages of the litigation, *i.e.*, *Debose v. Broward Health*, 08-cv-61411, 2009 WL 4884535, *11 (S.D. Fla. Dec. 17, 2009) (findings of fact and conclusions of law after bench trial); *Williams v. R.W. Cannon, Inc.*, 08-cv-60168, 2009 WL 2834955, *6 (S.D. Fla. Aug. 27, 2009) (order denying motion for new trial, motion for judgment notwithstanding the verdict and motion for remittitur); *Gaylord v. Miami-Dade County*, 78 F. Supp. 2d 1320, 1321-22 (S.D. Fla. July 1, 1999) (findings of fact and conclusions of law after bench trial); *Allen v. Board of Public Educ. for Bibb County*, 495 F.3d 1306, 1314-15 (11th Cir. 2007) (summary judgment ruling appealed); *Dybach v. State of Fla. Dept. of Corrections*, 942 F.2d 1562, 1567 (11th Cir. 1991) (district court deemed to have power to give notice to potential members of plaintiff's class to "opt-in" pursuant to § 16(b) of the FLSA for similarly situated employees).

Plaintiff responds that the allegations listed above clearly satisfy the standards of the Eleventh Circuit for stating a claim under the FLSA. The Court agrees. While the Complaint's factual allegations are not extensive, they are sufficient to state a claim under the FLSA. The Complaint's allegations plausibly indicate that Defendants failed to pay overtime compensation by asserting (1) an employment relationship; (2) that the employer engaged in interstate commerce, and (3) that Defendants failed to credit and compensate Mitial for all of hours worked over 40 in a work week based

upon Defendants' policy and practice of regularly deducting 30 minutes for lunch, without regard to whether Mitial took a bona fide, uninterrupted meal break.

"Unlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward." *Anish v. National Securities Corp.*, No. 10‑80330‑CIV, 2010 WL 4065433, *2 (S.D. Fla. Oct. 15, 2010) citing *Secretary of Labor v. Labbe*, 319 F. App'x 761, 764 (11th Cir. 2008) ("*Labbe*").  "The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act." *Id.*; *see also Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008) (plaintiffs proved their prima facie FLSA case by demonstrating (1) an employment relationship, (2) that the employer engaged in interstate commerce, and (3) that the employee worked over 40 hours per week but was not paid overtime wages).  Here, Mitial has alleged that he was an employee covered by the FLSA who worked for Defendants, that Defendants failed to pay him time-and-a-half wages for his overtime hours, and that Defendant was an enterprise engaged in interstate commerce.  These allegations are sufficient to give Defendant "fair notice of what the ... claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555, and thus are sufficiently pled.  The Court rejects Defendants' arguments that additional elements for stating a FLSA claim are required.

In so holding, the Court rejects Defendants' argument that Plaintiff must plead with greater specificity the nature of his job duties, the precise number of hours

worked in excess of 40 per week, or how he knows Defendants have actual or constructive knowledge of the unpaid overtime hours. The Complaint alleges that Plaintiff worked more than 40 hours per week and was not compensated overtime pay. A "claim for relief for failure to pay minimum wages [or] to provide overtime compensation ... under FLSA does not require more." *Secretary of Labor v. Labbe*, 319 F. App'x 761, 764 (11th Cir. 2008). At this stage of the proceeding, no more is required. *Id.; see also Dobbins v. Scriptfleet, Inc.*, No. 11–cv–1923, 2012 WL 601145, *2 (M.D. Fla. Feb. 23, 2012) (denying motion to dismiss while being mindful of the "straightforward" FLSA pleading requirements required by 11th Circuit precedent, *Labbe*); *Spigner v. Lessors, Inc.*, No. 11–cv–420, 2011 WL 1466282, at *2 (M.D. Fla. Apr.18, 2011) (same). To the extent that Defendant seeks Plaintiff's (and potential collective-action members') exact hours, discovery can provide Defendants with such data and the lack of this information is not grounds for dismissal at this initial pleading stage.

The Court also rejects Defendants' argument that Plaintiff's collective action allegations are conclusory and fail to establish that Plaintiff is similarly situated to other members of the proposed class. Such arguments are premature at this stage. Plaintiff has not yet asked the Court to conditionally certify a collective action. Until such time, Plaintiff's allegation that similarly situated employees were denied overtime compensation is sufficient to put Defendant on fair notice that Plaintiff may seek conditional certification of a collective action. Defendants may reassert these same arguments in response to any future motion to conditionally certify a collective

action or in a motion to decertify a collective action.  Therefore, in accordance with the findings made herein, it is hereby

ORDERED AND ADJUDGED that Defendants' Motion to Dismiss Plaintiff's Amended Complaint or, in the Alternative, Plaintiff's Class Allegations [DE 22] is denied in its entirety.  Defendants shall answer the Amended Complaint within ten days of the date of this Order.

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida, this 29th day of June, 2012.

_____
KENNETH A. MARRA
United States District Judge